IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) DIADEM ENTERPRISES, INC., d/b/a DALE MILLER INDEPENDENT CONSULTANTS,<br><br>Plaintiff,<br><br>v.<br><br>2) DAN D. DRILLING CORPORATION,<br>3) COACTION SPECIALTY INSURANCE GROUP, INC., and<br>4) NEW YORK MARINE AND GENERAL INSURANCE COMPANY,<br><br>Defendants. | Case No.  24-CV-91-JAR |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Diadem Enterprises, d/b/a Dale Miller Independent Consultants seeks a Declaratory Judgment under 28 U.S.C. § 2201, *et. seq.*, relating to the rights and liabilities of the parties under certain contracts as more fully set forth below.

**Jurisdiction and Venue**

1. Defendant Dan D. Drilling Corporation ("Dan D.") is a domestic for-profit corporation with its principal place of business in Lamont, Oklahoma.

2. Upon information and belief, Defendant Coaction Specialty Insurance Group, Inc. ("Coaction") is a foreign for-profit corporation with its principal place of business in Morristown, New Jersey.

3. Upon information and belief, Defendant New York Marine and General Insurance Company ("New York Marine") is a foreign for-profit business corporation with its principal place of business in Morristown, New Jersey.

1

4. Plaintiff Diadem Enterprises d/b/a Dale Miller Independent Consultants ("DMIC") was, at the time of the incident giving rise to the Underlying Actions, a business incorporated under the laws of Texas with its principal place of business in Texas.

5. This is an action for declaratory judgment relating to the rights and responsibilities of the parties under a Daywork Drilling Contract and a Master Service Agreement between non-party Pablo Energy II, LLC ("Pablo") and Defendant Dan D. Drilling Corporation. See Exhibit 1, Daywork Drilling Contract; Exhibit 2, Master Service Agreement.

6. This Court has diversity jurisdiction over this civil action under 28 U.S.C. §1332, due to complete diversity of the parties and Plaintiff DMIC seeking over $75,000 in damages.

7. Venue is proper under 28 U.S.C. § 1391, as the Underlying Actions arose in Coal County, Oklahoma, within the Eastern District of Oklahoma.

## Facts

8. This declaratory judgment action arises from a fire which occurred on a Dan D. rig, known as Rig 18, at the Eddings 5H-20 well in Coal County, Oklahoma in the late hours of December 18, 2014.

9. Pablo hired Dan D. to drill several wells, including the Eddings 5H-20 well in Coal County, Oklahoma. Accordingly, Pablo and Dan D. signed a Daywork Drilling Contract dated July 10, 2013. Exh. 1.

10. In addition, Pablo and Dan D. signed a Master Services Agreement dated July 15, 2013. Exh. 2.

11. Pablo also contracted with DMIC to provide a consultant on the drilling site. DMIC assigned consultant Greg England to perform these duties.

12. Near midnight on December 18, 2014, a fire broke out on Rig 18 ("Subject Incident"). Three Dan D. employees were killed and two were injured. All five employees, or their heirs, sued Pablo, Dan D., DMIC, and other defendants ("Underlying Actions") in the District Court for Coal County, Oklahoma. See Teresa Bellah, et al. v. Dan D. Drilling Corp., et al., Coal County Case No. CJ-2016-9; Mary Baker, et al. v. Dan D. Drilling Corp., et al., Coal County Case No. CJ-2016-10; Arthur Thurman v. Dan D. Drilling Corp., et al., Coal County Case No. CJ-2018-8; Dewayne Keenan v. Dan D. Drilling Corp., et al., Coal County Case No. CJ-2018-9; and Bobbie Sue Pittman v. Dan D. Drilling Corp., et al., Coal County Case No. CJ-2016-11.

13. The plaintiffs in the Underlying Actions allege, *inter alia*, that Dan D., Pablo, and DMIC were negligent, grossly negligent, and negligent per se and demand recovery of economic, non-economic, and punitive damages.

14. Under the Daywork Drilling Contract and the MSA, Defendant Dan D. procured certain policies of insurance.

15. Defendants Coaction and New York Marine issued policies of insurance to Dan D, including but not limited to New York Marine Commercial General Liability Policy No. PK201400004051 and New York Marine Commercial Umbrella Liability No. UM201400001666.

16. The Daywork Drilling Contract in effect at the time of the Subject Incident states, in part:

    14.8 Contractor's Indemnification of Operator.[1]  **Contractor shall release Operator of any liability for, and shall protect, defend and indemnify Operator from and against all claims, demands, and causes of action of every kind and**

---

[1] "Operator" is defined in the Daywork Drilling Contract as Pablo Energy II, LLC. "Contractor" is defined as Dan D. Drilling Corporation.

**character**, without limit and without regard to the cause or causes thereof or the negligence of any party or parties, arising in connection herewith in favor of Contractor's employees or Contractor's subcontractors of any tier (inclusive of any agent or consultant engaged by Contractor) or their employees, or Contactor's Invitees, on account of bodily injury, death or damage to property. …

14.13 Indemnity Obligation: Except as otherwise expressly limited in this Contract, it is the intent of parties hereto that all releases, indemnity obligations and/or liabilities assumed by such parties under terms of this Contact, … be without limit and without regard to the cause or causes thereof, including … any theory of tort … of any party or parties, including the party seeking the benefit of the release, indemnity, or assumption of liability, or any other theory of legal liability. **The indemnities, and releases and assumptions of liability extended by the parties hereto under the provisions of … Paragraph 14 … shall inure to the benefit of such parties … and the consultants of each.**

(emphasis added).

17. The MSA in effect at the time of the Subject Incident states, in pertinent part,

   5.0     INDEMNITY:

   5.1     Definitions

   . . .

   "Company Group" shall mean the following Persons individually and collectively: **Company**[2] and its Affiliates, its and their co-venturers, co-owners, co-lessees, co-working interest owners, joint venturers, partners, and all of their Affiliates, **and**

---

[2] "Company" is defined in the MSA as Pablo Energy II, LLC.

**their** officers, directors, shareholders, employees, **agents, and representatives of all those entities.** Company Group does not include any Person who is a member of the Contractor Group.

"Contractor Group" shall mean the following Persons Individually and collectively: Contractor[3] and its Affiliates, its subcontractors and their Affiliates, and the officers, directors, shareholders, employees, agents, and representatives of those entities. Contractor Group does not include any Person who is a member of the Company Group.

5.2    **Contractor agrees to protect, defend, indemnify and hold harmless Company Group from and against all claims, demands and causes of action of every kind and character** without limit and without regard to the cause or causes thereof or the negligence or fault (active or passive) of any party or parties including the joint or concurrent negligence of any member of Company Group, any theory of strict liability and defect of premises, arising in connection herewith in favor of any member of Contractor Group on account of bodily injury, death or damage to property.

(emphasis added).

18. Further, the bottom of each page of the MSA contains this language: "THIS AGREEMENT CONTAINS HOLD HARMLESS AND INDEMNITY PROVISIONS.  PLEASE READ CAREFULLY."

---

[3] "Contractor" is defined in the MSA as Dan D. Drilling Corporation.

19. Jerry Steed, one of the members of Pablo Energy II, LLC, testified as a corporate representative in consolidated discovery in the Underlying Actions, stating that Greg England was a consultant and representative of Pablo.

```
 2  Q. And in this case, with Pablo Energy, the
 3  operator, Pablo, was represented by Darrell Yount,
 4  correct?
 5  A. Correct.
 6  Q. And by company men, Greg England and Rowdy
 7  Pickering?
 8  A. Consultants Greg England and Rowdy
 9  Pickering, yeah.
10  Q. And a term that's used a lot in these
11  depositions has been "company man." You're familiar
12  with that term, correct?
13  A. I am.
14  Q. And as you said, they are hired on a
15  contract basis with Pablo?
16  A. They are.
17  Q. But when we talk about the company men for
18  Pablo for drilling Rig 18, it would be Greg England
19  and Rowdy Pickering, correct?
20  A. That would be our representatives on
21  location.
```

20. DMIC was a consultant and representative of Pablo, the Operator or Company, under the Daywork Drilling Contract and the MSA. Therefore, the plain language of the contracts extends Dan D.'s defense and indemnity obligations to DMIC for the Underlying Actions.

21. Defendants Coaction and New York Marine issued policies of insurance which cover the claims made against DMIC in the Underlying Actions.

22. DMIC had to expend funds to defend itself in the Underlying Actions and continues to expend such funds as of this filing date. These funds include but are not limited to litigation costs, attorney fees, and settlements.

23. DMIC demanded Defendants provide a defense and indemnity to DMIC in the Underlying Actions and reimburse DMIC for the funds expended in their defense and settlement of the Underlying Actions.

24. Defendants refuse to provide defense and indemnity to DMIC.

25. Defendants' refusals to reimburse, defend, and indemnify DMIC related to the Underlying Actions has damaged DMIC in an amount greater than $75,000.

## **Cause of Action I**
## **(Declaratory Judgment)**

26. There exists a dispute involving the Daywork Drilling Contract and the MSA.

27. DMIC demanded that Dan D. defend and indemnify DMIC for all the claims made in the Underlying Actions, including reimbursement for defense costs and prior settlements. Dan D.'s insurer New York Marine responded to DMIC's demand, but has not accepted DMIC's demand.

28. Under 28 U.S.C. § 1391, *et. seq.*, the United States District Court has jurisdiction to determine the rights, status, or other legal relations, including but not limited to a determination of the construction or validity of any contract.

29. Under 28 U.S.C. § 1391, *et. seq.,* DMIC requests that this Court determine that Dan D. owes it defense and indemnity under the Daywork Drilling Contract and the MSA for the claims made in the Underlying Actions, whether previously settled or currently pending.

30. DMIC further requests that this Court grant its attorney fees and other litigation costs incurred in connection with this action and grant them any other relief the Court deems appropriate.

## Cause of Action II
## (Declaratory Judgment)

31. There exists a dispute involving the policies of insurance issued to Defendant Dan D. by Defendants Coaction and New York Marine.

32. DMIC demanded that Dan D. defend and indemnify DMIC for all the claims made in the Underlying Actions, including reimbursement for defense costs and prior settlements. Dan D.'s insurer New York Marine responded to DMIC's demand, but has not accepted DMIC's demand.

33. Under 28 U.S.C. § 1391, *et. seq.,* the United States District Court has jurisdiction to determine the rights, status, or other legal relations, including but not limited to a determination of the construction or validity of any contract.

34. Under 28 U.S.C. § 1391, *et. seq.*, DMIC requests this Court determine that, if DMIC is entitled to defense and indemnity from Dan D., then the policies of insurance issued by Defendants Coaction and New York Marine to Defendant Dan D. apply to and provide defense and indemnity coverage for the claims made against DMIC in the Underlying Actions, whether previously settled or currently pending.

35. DMIC further requests that this Court grant its attorney fees and other litigation costs incurred in connection with this action and grant them any other relief the Court deems appropriate.

WHEREFORE, premises considered, Plaintiff, Diadem Enterprises, d/b/a Dale Miller Independent Consultants, respectfully requests this Court grant them the relief requested above and any such other relief that the Court deems just and equitable.

Respectfully submitted,

*Millicent Woodland*
Joseph R. Farris, OBA #2835
Millicent G. Woodland, OBA #21228
FRANDEN | FARRIS | QUILLIN
   GOODNIGHT | ROBERTS + WARD
Two West 2nd Street, Suite 900
Tulsa, Oklahoma 74103
Tel:   918/583-7129
Fax:   918/584-3814
jfarris@tulsalawyer.com
mwoodland@tulsalawyer.com

***Attorneys for Plaintiff Diadem Enterprises, Inc.
d/b/a Dale Miller Independent Consultants***