**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1) DIADEM ENTERPRISES, INC., d/b/a, DALE MILLER INDEPENDENT CONSULTANTS; | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO.: 24-CV-91-JAR |
| 1) DAN D DRILLING CORPORATION; 2) COACTION SPECIALTY INSURANCE GROUP, INC.; and 3) NEW YORK MARINE AND GENERAL INS. CO.; | ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT DAN D DRILLING CORPORATION'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, Dan D. Drilling Corporation ("Dan D") files this Answer and Affirmative Defenses to the Complaint ("Complaint") [Doc. 2]. Dan D denies any and all allegations not specifically admitted here. Dan D responds only on behalf of itself and make no representations as to any other Defendant. Dan D further states as follows:

**ANSWER**

**Jurisdiction and Venue**

1.      Dan D admits the allegations in Paragraph 1 of the Complaint.

2.      Dan D is without sufficient knowledge to admit or deny the allegations in Paragraph 2 of the Complaint, as such those allegations are denied.

3.      Dan D is without sufficient knowledge to admit or deny the allegations in Paragraph 3 of the Complaint, as such those allegations are denied.

4.      Dan D is without sufficient knowledge to admit or deny the allegations in Paragraph 4 of the Complaint, as such those allegations are denied.

5.      Dan D is without sufficient knowledge to admit or deny the allegations in Paragraph 5 of the Complaint, as such those allegations are denied.

6.      Dan D is without sufficient knowledge to admit or deny the allegations in Paragraph 6 of the Complaint, as such those allegations are denied. Dan D asserts that the Complaint fails to plead facts sufficient to establish diversity jurisdiction.

7.      Dan D admits that the Underlying Actions arose in Coal County, Oklahoma in the Eastern District of Oklahoma, but is without sufficient knowledge to admit or deny the allegations in Paragraph 7 of the Complaint, as such those allegations are denied. Dan D further asserts that the Complaint fails to plead facts sufficient to establish diversity jurisdiction making venue improper.

**Facts**

8.      Dan D admits the allegations in Paragraph 8 of the Complaint.

9.      Dan D asserts that the contract speaks for itself, but otherwise admits the allegations in Paragraph 9 of the Complaint.

10.     Dan D asserts that the contract speaks for itself, but otherwise admits the allegations in Paragraph 10 of the Complaint.

11.     Dan D is without sufficient knowledge to admit or deny the allegations in Paragraph 11 of the Complaint, as such those allegations are denied.

12.     Dan D admits the allegations in Paragraph 12 of the Complaint.

13.     Dan D admits the allegations in Paragraph 13 of the Complaint.

14.     Dan D admits the allegations in Paragraph 14 of the Complaint.

15.     Dan D admits the allegations in Paragraph 15 of the Complaint.

16.     Dan D asserts that the contract speaks for itself, but otherwise admits the allegations in Paragraph 16 of the Complaint to the extent that the contract is accurately quoted.

17.     Dan D asserts that the contract speaks for itself, but otherwise admits the allegations in Paragraph 17 of the Complaint to the extent that the contract is accurately quoted.

18.     Dan D asserts that the contract speaks for itself, but otherwise admits the allegations in Paragraph 18 of the Complaint to the extent that the contract is accurately quoted.

19.     Dan D cannot speak to the truth of the testimony and, as such, is without sufficient knowledge to admit or deny the allegations in Paragraph 19 of the Complaint, as such those allegations are denied.

20.     Dan D is without sufficient knowledge to admit or deny the allegations in Paragraph 20 of the Complaint, as such those allegations are denied.

21.     Dan D is without sufficient knowledge to admit or deny the allegations in Paragraph 21 of the Complaint, as such those allegations are denied.

22.     Dan D is without sufficient knowledge to admit or deny the allegations in Paragraph 22 of the Complaint, as such those allegations are denied.

23.     Dan D is without sufficient knowledge to admit or deny the allegations in Paragraph 23 of the Complaint, as such those allegations are denied.

24.     Dan D is without sufficient knowledge to admit or deny the allegations in Paragraph 24 of the Complaint, as such those allegations are denied.

25.     Dan D denies the allegations in Paragraph 25 of the Complaint.

**Cause of Action I**
**(Declaratory Judgment)**

26.     Dan D is without sufficient knowledge to admit or deny the allegations in Paragraph 26 of the Complaint, as such those allegations are denied.

27.     Dan D denies the allegations in Paragraph 27 of the Complaint.

28.     Paragraph 28 contains a statement of law that does not require a response; however, to the extent a response is required, Dan D denies the allegations in Paragraph 28 of the Complaint.

29.     Dan D denies the allegations in Paragraph 29 of the Complaint.

30.     Dan D denies the allegations in Paragraph 30 of the Complaint.

**Cause of Action II**
**(Declaratory Judgment)**

31.     Dan D denies the allegations in Paragraph 31 of the Complaint.

32.     Dan D denies the allegations in Paragraph 32 of the Complaint.

33.     Paragraph 33 contains a statement of law that does not require a response; however, to the extent a response is required, Dan D denies the allegations in Paragraph 28 of the Complaint.

34.     Dan D denies the allegations in Paragraph 34 of the Complaint.

35.     Dan D denies the allegations in Paragraph 35 of the Complaint.

**Affirmative Defenses**

1.	Plaintiff has failed to plead facts sufficient to establish diversity jurisdiction, as the citizenship of a corporation is determined by its principal place of business and its state of incorporation. No places of incorporation are identified in the Complaint.

2.	Plaintiff has failed to plead facts sufficient to establish diversity jurisdiction, as it pleads damages in excess of $75,000, but only seeks declaratory judgment.

3.	Plaintiff's Complaint should be dismissed for failure to include all necessary parties, specifically, non-party Pablo Energy II, LLC ("Pablo"), who was the party to the Daywork Drilling Contract and Master Service Agreement which Plaintiff seeks to use as a basis for the alleged indemnity relationship between itself and Dan D.

4.	Plaintiff's Complaint should be dismissed as it is not a proper dispute for resolution under 28 U.S.C. §§ 1391, *et. seq.*

5.	Dan D had no contractual relationship with Plaintiff that would lead to the indemnity obligation alleged in the Complaint.

6.	Dan D did not procure insurance for the benefit of Plaintiff; therefore, Plaintiff cannot be the beneficiary of any such insurance.

7.	Plaintiff's own negligence and/or intentional acts caused the alleged damages that Plaintiff now seeks to have Dan D pay.

8.	Although explicitly and completely denied, to the extent that any indemnity relationship may have existed between Plaintiff and Dan D, Plaintiff's own negligence and/or intentional acts negated any such agreement.

9.      Although explicitly and completely denied, to the extent that any indemnity relationship may have existed between Plaintiff and Dan D, the negligence and/or intentional acts of third parties outside of Dan D's control caused the damages to Plaintiff and relief must be sought from such third parties.

10.     To the extent that any indemnity relationship may have existed between Plaintiff and Dan D, it was Plaintiff and/or Pablo that was to indemnify Dan D.

11.     Plaintiff has wholly failed to indemnify Dan D for its attorney costs, expenses and other damages related to the claims referenced in the Complaint.

12.     Pablo breached its contract with Dan D, thus nullifying any alleged indemnity that could exist between Dan D and Pablo and/or Plaintiff.

13.     To the extent that there is any agreement between Plaintiff and Dan D, Plaintiff breached that agreement by performing its duties in an unprofessional manner which led to the damages suffered by Dan D and, allegedly, by Plaintiff.

14.     Plaintiff's Complaint fails to state a cause of action against Dan D upon which relief can be granted and should therefore be dismissed.

15.     Plaintiff has waived or is estopped from asserting its claims by virtue of its own actions.

16.     Dan D acted in good faith and with a good faith belief that their actions relative to Plaintiff were lawful.

17.     Dan D asserts that any counterclaims and/or cross claims that it may assert against Plaintiff or any other Defendant will serve as further defenses to this matter.

18.     Defendant specifically reserves the right to amend this Answer and to allege additional affirmative defenses upon completion of discovery and submission of a Pretrial Order.

WHEREFORE, Defendant Dan D. Drilling Corporation prays that this Court this lawsuit, or that Plaintiff take nothing from this action, and Dan D. Drilling Corporation be granted judgment in its favor, including recovery of all its attorney fees and costs incurred, and all other such relief that the Court deems appropriate.

Respectfully Submitted,

CHRISTENSEN LAW GROUP, P.L.L.C.

/s/ J. Clay Christensen
J. Clay Christensen (OBA #11789)
Lisa M. Molsbee (OBA #19530)
Jonathan M. Miles (OBA #31152)
The Parkway Building
3401 N.W. 63rd Street, Suite 600
Oklahoma City, Oklahoma 73116
Tel: (405) 232-2020
Fax: (405) 228-1113
Clay@christensenlawgroup.com
Lisa@christensenlawgroup.com
Jon@christensenlawgroup.com
*Attorneys for Defendant Dan D Drilling Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2024, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants who have appeared in this case.

/s/ *J. Clay Christensen*
J. Clay Christensen